**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANTONIO VILLAREAL | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-00155-FB |
| | § | |
| SAN ANTONIO EXTENDED MEDICAL | § | |
| CARE, INC. d/b/a MED MART | § | |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**1.  SUMMARY.**

Plaintiff is an employee of Defendant Med Mart. Plaintiff seeks to recover unpaid minimum wages and overtime pay for work he performed on behalf of Defendant.  Plaintiff move to compel discovery from Defendant because Defendant has failed to provide basic discovery about Plaintiff's employment, including documents showing how much he was paid and records related to pay, how pay was determined, and the number of hours he worked.  It appears from its responses, Defendant has failed to comply with the admonishments made by this court regarding discovery and has made little or no effort to comply with the discovery rules and requests, warranting intervention by this court.

**2.  BACKGROUND.**

The FLSA requires employers to pay their employees minimum wage, which is currently $7.25 per hour. 29 U.S.C. § 206(a).   The FLSA also requires employers to pay employees at one and one-half times their regular rates of pay for hours worked in excess of forty in a week.  29 U.S.C. § 207(a).   Although certain types of employees (such as executive managers or professional employees) are exempt from minimum wage and overtime requirements, the employer must generally guarantee these employees a minimum weekly salary in order to take advantage of these exemptions. 29 U.S.C. § 213(a)(1).   Because Defendant paid Plaintiff less than the required minimum wage for some hours worked, in fact not paying for certain work hours at all,   and because no exemptions to the FLSA's minimum wage and overtime requirements apply,

Defendant failed to pay all overtime due to Plaintiff; Nor does Defendant claim any exemptions apply to Plaintiff.

Plaintiff served written discovery on Defendant regarding basic information relevant to his FLSA claims, including the number of hours Plaintiff worked, his pay, the steps Defendant took to ensure compliance with the FLSA, and the identity of Plaintiff's coworkers. Plaintiff conferred with Defendant regarding supplementing its discovery responses. However, after weeks of trying to resolve these issues without the Court's intervention, Defendant still fails to cooperate.

3.     THE STANDARD FOR DISCOVERY.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" FRCP 26(b)(1). This includes discovery of: (1) "the existence, description, nature, custody, condition, and location of any documents or other tangible things;" and (2) "the identity and location of persons who know of any discoverable matter." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Though limits do exist, courts "interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants[.]" *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

Defendant's responses are incomplete, and in some instances, evasive. *See Responses to 1st RFP* Exhibit1.   Therefore, Defendant's responses "must be treated as a failure to […] respond." Fed. R. Civ. P. 37(a)(4). Further, in some instances Defendant has not raised any objections to Plaintiffs' requests. *See* Exhibit 1. Accordingly, Defendant's objections are "waived, unless the court, for good cause, excuses the failure."   Fed. R. Civ. P. 33(b)(4).

A wage and hour lawsuit necessarily involves wages and hours.  *See* 29 U.S.C. §§ 206 and 207.   Accordingly, Plaintiff asked Defendant to produce documents regarding and used in determining Plaintiff's hours worked and pay received, prior FLSA complaints and investigations, time record and records otherwise discoverable to determine pay determinations, defendant's

document retention policy, ownership documents and documents relevant to determine other persons

in Plaintiff's position and how they were paid.   Plaintiff presently seeks to compel responses to RFP

items 4, 5, 6, 7, 8, 9, 13, 15, 16, 18 and 19. *See* Exhibit 1, Defendant's Responses to Plaintiff's First

Request for Production).   The items requested are as follows:

**4.**     All documents relating to the employment of Plaintiff by Defendants, including, but not limited to: all records (such as, but not limited to, time cards, time sheets, work orders, work tickets, or work schedules) reflecting the days and hours worked by Plaintiff for Defendants; all written documents from, to, or referring to Plaintiff; a complete copy of Plaintiff's personnel file; documents that reflect, refer to, or regard Plaintiff's compensation, including but not limited to pay stubs, copies of checks, copies of any report generated to determine Plaintiff's pay, correspondence to or from any third party regarding the calculation of Plaintiff's pay, and any document authorizing or documenting any deductions from Plaintiff's pay.   This request also includes all tickets covering the last three years with regard to any payment plan or work required plan where tickets worked on by Plaintiff would be used to calculate work hours and/or pay.

**5.**     All documents containing, concerning, or related to any complaint of investigation of, and response to, any complaint regarding unpaid wages or other grievance related to pay, whether written or oral, formal or informal, for the time period from January 2014 to the present.

**6.**     Provide a copy of any W-2s, W-3s, 940's, 941's; and, all other tax documents or filings which were filed during Plaintiff's employment with Defendants, which reflect payments to Plaintiff during his employment with Defendants.

       **8.**     All of Plaintiff''time records, printouts of the hours and days worked by Plaintiff for Defendants, time cards, work schedules, timesheets, reports to or reports received by any third party, and/or any other documents, reflecting time and days worked by Plaintiff during Plaintiff''employment with Defendant(s).

   9.     All documents demonstrating any employment contracts, agreements, or terms of employment to which Plaintiff was subject during their employment with Defendants

     13.     All documents reflecting or regarding any document retention policy or procedure in effect for any Defendant from January 2009 to the present.

     15.     All documents that comprise, refer, or relate to any documents demonstrating or relating to the ownership of Defendant, organizational structure, chart, or and/or supervisory hierarchy in effect for any of the Defendants from January 2009, until the present.

16.     All documents reflecting the legal status of and ownership of Defendant, including, but not limited to: Articles of Incorporation; By-laws; amendments to either the Articles of Incorporation or the By-laws; minutes of meetings of the Board of Directors from January 2009, to the present; stock certificates; and, documents regarding distribution of income for the corporation.

18.     Any document that reflect the names and identities of persons in Plaintiff's position in the State of Texas who worked for Defendant during the period of January 2013 to the present.

19.     Any document that reflect the hours worked, including overtime of persons in similar position to Plaintiff who worked for Defendant during the period of January 2013 to the present.

21.     Any and all documents and tangible things evidencing the Defendants' "net worth" for the years 2014 through the time of trial, including, but not limited to, income tax returns, financial statements, loan applications, bank statements, information on certificates of deposit and retirement accounts, and other such similar documents and tangible things.

22.     Any documents setting those persons laid off or terminated in 2013, 2014, 2015   and/or 2012, including position and/or rate of pay.

23.     Any documents setting those persons hired in   2012, 2013, 2014 and/or 2015, including position and/or rate of pay.

### Request For Production 4, 6 and 8.

Request for Production 4 asks   for all documents relating to the employment of Plaintiff by Defendants, including, but not limited to: all records (such as, but not limited to, time cards, time sheets, work orders, work tickets, or work schedules) reflecting the days and hours worked by Plaintiff for Defendants; all written documents from, to, or referring to Plaintiff; a complete copy of Plaintiff's personnel file; documents that reflect, refer to, or regard Plaintiff's compensation, including but not limited to pay stubs, copies of checks, copies of any report generated to determine Plaintiff's pay, correspondence to or from any third party regarding the calculation of Plaintiff's pay, and any document authorizing or documenting any deductions from Plaintiff's pay.   This request also includes all tickets covering the last three years with regard to any payment plan or work required plan where tickets worked on by Plaintiff would be used to calculate work hours and/or pay.

Defendant objects that the request is overbroad and irrelevant, two of the weakest available objections, particularly where they do not apply.   The objection also sets out an objection that "privileged" documents may be sought.   However, while a privilege log was requested, none is provided and Defendant has failed to identify what privileged documents may be involved or the basis for asserting such a privilege.   Defendant then states that it produces Plaintiff's personnel file and documents reflecting hours worked..   Although Plaintiff has been an employee since at least 2013, only time cards for January 1-15-15, January 16-31, February 1-15, February 16-22, March 16-29, and March 9-15 are produced.   Only a limited number of

work tickets are provided for only January 7-9/15, January 13/15, 1/16/15, 1/20/15, 1/22/15,

1/28-30/15, 2/6/15, 2/10-12/15, 2/18/15, 3/9-10/15, 3/16-20/15 and 3/23/15.   As can be seen, the

Defendant only produced limited documents where produced and does not provide any other

discoverable documents such as pay stubs and checks and other pay reports and requested

documents.   Defendant's objections should be overruled and it should be produce all documents

for the period of Plaintiff's employment up to the time of trial.

Request for Production 6 seeks a copy of any W-2s, W-3s, 940's, 941's; and, all other tax

documents or filings which were filed during Plaintiff's employment with Defendants, which

reflect payments to Plaintiff during his employment with Defendant.   Defendant wholly failed to

object or provide responsive documents for which there is no excuse.   The documents in

defendant's possession should be produced and its assertion that Plaintiff has such documents is

an improper basis for providing the documents.

Request for Production 8 seeks all of Plaintiff''time records, printouts of the hours and days

worked by Plaintiff for Defendants, time cards, work schedules, timesheets, reports to or reports

received by any third party, and/or any other documents, reflecting time and days worked by

Plaintiff during Plaintiff''employment with Defendant(s).   No objection is made and Defendant

states that it will produce the documents.   Although the initial request for production was made on

May 12, 2015 and responses were filed on June 11, 2015, providing Defendant with ample time to

obtain the documents, no documents have been produced to date although requested.

The amount Plaintiff was actually paid and the actual number of hours he worked is

necessary to determine whether Plaintiff is entitled to unpaid wages and the amount of any

unpaid wages. *See* 29 U.S.C. §§ 206, 207. Accordingly, Plaintiff requests the Court order

Defendant produce all requested documents.

**REQUEST FOR PRODUCTION 5**

Request for Production 5 seeks all documents containing, concerning, or related to any

complaint of investigation of, and response to, any complaint regarding unpaid wages or other

grievance related to pay, whether written or oral, formal or informal, for the time period from January 2014 to the present. Again, Defendant makes the same objections regarding the request being overbroad and irrelevant and, without providing a privilege log, assert privilege arguments. The objections should be overruled.

## DEFENDANTS SHOULD ANSWER QUESTIONS ABOUT GOOD FAITH AND WILLFULNESS.

An employer who violates the minimum wage or overtime provisions of the FLSA is liable for the unpaid compensation and "an additional amount as liquidated damages." 29 U.S.C. § 216(b). A district court can only decline to award liquidated damages (or reduce the amount) if the court finds that the employer acted in subjective "good faith" and with reasonable grounds to believe its actions complied with the FLSA. 29 U.S.C. § 260. An employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998) (*quoting Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). Further, good faith "requires some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979).

The standard two-year statute of limitations under the FLSA is extended to three years if the employer's violation of the FLSA is "willful.". 29 U.S.C. § 255(a). An employer commits a willful violation if it either "knew or showed reckless disregard for whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988); *Reich v. Tiller Helicopter Servs.*, 8 F.3d 1018, 1036 (5th Cir. 1993). The three-year term can apply where an employer disregards the very "possibility" that it was violating the FLSA. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir.1999). Willfulness is reviewed under a "clearly erroneous" standard. *Tiller Helicopter Servs.*, 8 F.3d 1036, 1023 (5th Cir. 1993) .

Willfulness is present when an employer was sued or investigated previously for FLSA violations. *Alvarez v. IBP, Inc.*, 339 F.3d 894, at 909 (9th Cir. 2003). However, it is not necessary "that violations be established through litigation in order to establish that later

violations were willful." *Reich v. Monfort*, 144 F.3d 1329, at 1334-35 (10th Cir. 1998).  Instead, settlement of similar claims supports a conclusion of willfulness. *Id.* Evidence of employees' complaints, even if they were "different in kind" and not found to be willful, also support a finding of willfulness.   *Chao v. A-One Medical Servs.*, 346 F.3d 908, 919 (9th Cir. 2003).

Thus, discovery regarding Defendants' good faith efforts to comply with the FLSA and whether they willfully violated the FLSA is relevant.   Accordingly, Defendant should be ordered to produce such documents.

## REQUEST FOR PRODUCTION NUMBERS 17, 18, 19, 22 and 23

With regard to these requests, Plaintiff seeks information regarding other employees and potential witnesses, which are relevant in a case where Plaintiff may seek certification for other employees who were not paid wages or proper overtime.    Each of these requests is relevant and discoverable.

### DISCOVERY REGARDING THE IDENTITY OF DEFENDANTS' EMPLOYEES IS NECESSARY FOR CLASS CERTIFICATION.

Plaintiff may seek to certify a collective action encompassing all employees who were not properly paid for hours worked or overtime.   While the standard for conditional certification is "lenient," Plaintiffs will still need to provide the Court with substantial allegations that potential class members "were together the victims of a single decision, policy, or plan." *Maynor v. Dow Chem. Co.*, 2008 WL 2220394 at *5 (S.D. Tex. May 28, 2008) (*quoting Sperling v. Hoffman-La Roche, Inc.*, 188 F.R.D. 392, 407 (D.N.J. 1988).

Plaintiff requested discovery regarding the identity of potential class members. Defendants' response says they will supplement when Linda Tran returns on July 1, 2010. *Id.*

This discovery "is necessary for the Plaintiffs to properly define the proposed class." *See, e.g., Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D.Kan. 2003).   It is

"reasonably likely to yield support for plaintiff's class allegations." *Sjoblom v. Charter Communications, LLC*, 2008 WL 4276928, at *2 (W.D.Wis. Jan 4, 2008). Therefore, "lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information, albeit often in limited fashion." *Morden v. T-Mobile USA, Inc.*, No. 05-2112, 2006 WL 1727987, at *2 (W.D.Wash. June 22, 2006). *See also, Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911224, at *6 (W.D.Pa. March 31, 2009) (courts "generally allow the representative plaintiffs to conduct limited discovery so that they may more carefully define the proposed class before seeking authorization to notify the putative class members or moving for conditional certification."); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D.Ill. Feb. 25, 2008) ("Collective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in to the suit.").

In addition, this information is necessary to discover the identity of potential witnesses who may have knowledge regarding Plaintiffs' hours worked, their pay, and Defendants' payroll practices.

Again, Defendant simply objects as to the request being overbroad and irrelevant, objections that are weak at best.   Accordingly, Plaintiff requests the Court order Defendant to produce responsive documents

## REQUEST FOR PRODUCTION 9, 13, 15, and 7.

Defendants have not properly responded to these request and again made improper objections that should be overruled, as they are clearly related to discovery in an FLSA case and determining those who may be liable to Plaintiff.   Defendant should be ordered to produce responsive documents.   Accordingly, Plaintiffs request the Court [1]

order Defendants to produce any documents responsive to requests for production nos. 4,

5, 6, 7, 8, 9, 13, 15, 16, 18, 19, 21, 22 and 23.

## DEFENDANT'S BOILERPLATE OBJECTIONS ARE IMPROPER

**5.**     If the party from whom discovery is requested objects to producing documents or

responding to an interrogatory, that party has the burden to show why a discovery request is

improper. *Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D.

Tex. 2009); *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D.Tex.2006); *Zoller v. Conoco, Inc.*,

137 F.R.D. 9, 10 (W.D. La. 1991) ("Of course, the burden to demonstrate that items are not

discoverable rests with the party opposing discovery. The objecting party must do more than

simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant.

*Faglie v. Meritage Homes of Texas, LLC*, 2013 WL 1608727 (N.D. Tex. Apr. 15, 2013)

(rejecting boilerplate objections); *St. Paul Reinsurance Co., Ltd. v. Comm'l Fin. Corp.*, 198

F.R.D. 508, 512–513 (N.D.Iowa 2000) (collecting cases holding that "boilerplate objections"

asserted "without specifying how each request for production is deficient" are routinely

deemed improper objections to discovery requests).

      "Boilerplate objections are not acceptable . . . Broad-based, non-specific objections

are almost impossible to assess on their merits, and fall woefully short of the burden that

must be borne by a party making an objection to an interrogatory or document request. A

party asserting undue burden typically must present an affidavit or other evidentiary proof of

the time or expense involved in responding to the discovery request." *Enron Corp. Sav.

Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009). *See also Walker v.

Americare Radiographics, Inc.*, 2010 WL 5437254 (S.D. Fla. Dec. 27, 2010) (The mere

statement by a party that a discovery request is burdensome is not adequate to voice a

successful objection; rather, the party resisting discovery must show specifically how each

discovery request is burdensome); *Lakeland Partners, L.L.C. v. U.S.*, 88 Fed Cl. 124 (Fed. Cl. 2009) (The party objecting to discovery must do more than simply intone the familiar litany that the discovery requests are burdensome, or overly broad; rather the objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.).

These sorts of boilerplate objections are meaningless. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir.1982); *Hodgdon v. Nw. Univ.*, 245 F.R.D. 337, 340 n.4 (N.D. Ill. 2007). They are "tantamount to not making any objection at all." *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, *2–3 (N.D.Cal.2002). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, their use continues unabated, with the consequent institutional burdens, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir.1996), and the needless imposition of costs on the opposing party. *United Auto. Ins. v. Veluchamy* 2010 WL 749980, *5 (N.D. Ill. Mar. 4, 2010).

7.   **CONCLUSION.**

Plaintiff seeks discovery on ordinary discoverable FLSA issues, including: the number of hours worked, pay, the efforts Defendant undertook to comply with the law, the history Defendant has with the Department of Labor, and the identity of potential class members and witnesses. The Court's intervention in the discovery process is necessary despite Plaintiff's good faith efforts to get answers. Accordingly, Plaintiff requests the Court overrule the improper objections and order Defendant to answer the discovery properly and produce relevant documents and to order recoverable attorneys' fees based on the necessity of filing this motion.   A proposed order is attached.

Respectfully submitted,

PONCIO LAW OFFICES
A Professional Corporation

/S/ Adam Poncio

By: _____
        Adam Poncio
*Attorney-in-Charge for Plaintiff*
State Bar No. 16109800
5410 Fredericksburg Road #109
San Antonio, Texas 78229-3550
(210) 212-7979 - Telephone
(210) 212-5880 - Facsimile
        salaw@msn.com

## CERTIFICATE OF CONFERENCE

I conferred with defense counsel regarding this motion by telephone and email. Defendant agreed to look for further documents and supplement the responses, but Defendant has not responded to requests to provide them. This motion is necessary to receive the discovery Plaintiff needs.

**/S/ Adam Poncio**

_____

Adam Poncio

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on all parties via the Court's ECF system on July 1, 2015.

**/S/ Adam Poncio**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-00155-FB |
| | § | |
| SAN ANTONIO EXTENDED | § | |
| MEDICAL CARE, INC., d/b/a | § | |
| MED MART, | § | |
| | § | |
| Defendant. | § | |

---

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

---

TO:   ANTONIO VILLARREAL, by and through his attorney of record, Adam Poncio, 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550.

Pursuant to FED. R. CIV. P. 34(2), Defendant San Antonio Extended Medical Care, Inc., d/b/a Med Mart ("Med Mart") hereby serve its Responses and Objections to Plaintiff's First Requests for Production.

Respectfully Submitted,

LAW OFFICE OF SUSAN STONE
110 W. Nueva St.
San Antonio, Texas 78204
Telephone (210)832-0326
Facsimile (210)832-9627

By:   _Susan Stone_
SUSAN STONE
State Bar No. 19301900
Attorney for Defendant

## CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2015, a true and correct copy of the foregoing **Defendant's Responses and Objections to Plaintiff's First Requests for Production** was served on the following attorney of record for Plaintiff:

Adam Poncio
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
e-mail: salaw@msn.com


_Susan Stone_
SUSAN STONE

2

1.    Any and all insurance agreements or policies of insurance applicable to Plaintiff and insurance agreements or policies and other such documents under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:

   None applicable.

2.    Copies of any and all documents and statements previously made by Plaintiff and/or Defendant concerning Plaintiff's complaint, any reduction in pay, reduction in hours scheduled, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, termination, work, and/or employment of Plaintiff, including emails, handwritten notes related to conversations with Plaintiff, any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

RESPONSE:

   Other than the Complaint which Plaintiff filed in this lawsuit, and his Charge that he filed with the EEOC, Defendant is not aware of any "statements" made by Plaintiff.

3.    Any and all settlement agreement(s) wherein you have made payments to any employee or arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to unpaid overtime or related claims for the period of January 2014 to the present.

RESPONSE:

   None at this time.

4.    All documents relating to the employment of Plaintiff by Defendants, including, but not limited to: all records (such as, but not limited to, time cards, time sheets, work orders, work tickets, or work schedules) reflecting the days and hours worked by Plaintiff for Defendants; all written documents from, to or referring to Plaintiff; a complete copy of Plaintiff's personnel file; documents that reflect, refer to, or regard Plaintiff's compensation, including but not limited to pay stubs, copies of checks, copies of any report generated to determine Plaintiff's pay, correspondence to or from any third party regarding the calculation of Plaintiff's pay, and any document authorizing or documenting any deductions from Plaintiff's pay. This request also incudes all tickets covering the last three years with regard to any payment plan or work required plan where tickets worked on by Plaintiff would be used to calculate work hours and/or pay.

RESPONSE:

Defendant objects to this Request because it is overbroad, and seeks the discovery of information which is neither relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, because this Request is so broad, it may seek the discovery of privileged attorney-client communications and privileged patient information, and Defendant objects on this additional basis. Subject to and without waiving these objections, Defendant produces Plaintiff's personnel file, and documents reflecting hours worked and amounts paid.

5.   All documents containing, concerning, or related to any complaint of investigation of, and response to, any complaint regarding unpaid wages or other grievance related to pay, whether written or oral, formal or informal, for the period from January 2014 to the present.

RESPONSE:

Defendant objects to this Request because it is overbroad and does not state, with specificity, the information being sought or the person(s) about whom the information is being sought, and is not properly limited to information that is relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, because this Request is so broad, it may seek the discovery of privileged attorney-client communications and privileged patient information, and Defendant objects on this additional basis.

6.   Provide a copy of any W-2s, W-3s, 940's, and all other tax documents or filings which were filed during Plaintiff's employment with Defendants, which reflect payments to Plaintiff during his employment with Defendants.

RESPONSE:

Plaintiff should already be in possession of this information.

7.   All documents that reflect or refer to which individual(s) was/were responsible for compensating Plaintiff, who made decisions regarding Plaintiff's compensation, and the amounts paid to him.

RESPONSE:

There are no such documents.

8.   All of Plaintiff's time records, printouts of the hours and days worked by Plaintiff for Defendants, time cards, work schedules, timesheets, reports to or reports received by any third party, and/or any other documents, reflecting time and days worked by Plaintiff during Plaintiff's employment with Defendant(s).

RESPONSE:

Defendant will produce such information for the past three years.

9.    All documents demonstrating any employment contracts, agreements, or terms of employment to which Plaintiff was subject during their [sic] employment with Defendants.

RESPONSE:

Defendant objects to this Request because it is overbroad, and seeks the discovery of information which is neither relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, please see the attached job description.

10.    All documents relied upon you in answering the Complaint, including any defenses asserted therein, and/or identified in your answers to (or supplements thereto) Plaintiff's Interrogatories.

RESPONSE:

Defendant objects to this Request because it is far too broad and does not state, with specificity, the information and documents sought. Furthermore, Plaintiff has not served Interrogatories on Defendant.

11.    All documents provided to or by any expert engaged by any Defendant, including any written report(s) made by the expert(s) concerning the subject matter on which the expert is expected to testify, the substance of the findings and the opinions to which the expert is expected to testify, a summary of the grounds for each opinion, copies of any expert testimony previously given by the expert(s), draft reports, correspondence to and from each expert, a copy of each expert's curriculum vitae, and provide the caption and court of all cases at which the expert has testified.

RESPONSE:

Defendant objects to this Request because it is the improper vehicle by which to obtain expert information and reports. Subject to and without waiving this objection, Defendant will comply with FED. R. CIV. P. 26(a) and the Court's Scheduling Order.

12.    Any and all other documents which indicate that you do not owe the sums claimed by Plaintiff in his Complaint.

RESPONSE:

Defendant objects to this Request because it is far too broad and does not state, with specificity, the information and documents sought.

13.    All documents reflecting any document retention policy or procedure in effect for any Defendant from January 2009 to the present.

RESPONSE:


14.    All documents reflecting, regarding, or referring to any employee, supervisory, or personnel policy or procedure, including any employment manuals or handbooks, or any other written instrument distributed to employees, in effect for employees and/or supervisors from January 2009 to the present.

RESPONSE:

        Defendant objects to this Request because it is far too broad and seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the employee manual is produced.

15.    All documents that comprise, refer, or relate to any documents demonstrating or relating to the ownership of Defendant, organizational structure, chart, or and/or supervisory hierarchy in effect for any of the Defendant from January 2009, until the present.

RESPONSE:

        Defendant objects to this Request because it is far too broad and seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence.

16.    Any and all documents reflecting the legal status of and ownership of Defendant, including but not limited to: Articles of Incorporation; By-laws; amendments to either the Articles of Incorporation or the By-laws; minutes of the Board of Directors from January 2009, to the present; stock certificates; and, documents regarding distribution of income for the corporation.

RESPONSE:

        Defendant objects to this Request because it is far too broad and seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses, nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Any document that Defendants contend demonstrate a justification for not paying Plaintiff and other workers in a similar position overtime pay from January 2014 to the present.

RESPONSE:

Defendant objects to this Request because it is far too broad and does not state, with specificity, the information and documents sought.

18.    Any document that reflect the names and identities of persons in Plaintiff's position in the State of Texas who worked for Defendant during the period of January 2013 to the present.

RESPONSE:

Defendant objects to this Request because it seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the other two RTs who were employed during this time were/are Louis Cruz and Trina Soliz.

19.    Any document that reflect the hours worked, including overtime of persons in similar position to Plaintiff who worked for Defendant during the period of January 2013 to the present.

RESPONSE:

Defendant objects to this Request because it seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses nor reasonably calculated to lead to the discovery of admissible evidence.

20.    The Plaintiff's complete personnel file and/or any file maintained by Defendant regarding Plaintiff.

RESPONSE:

Produced.

21.    Any and all documents and tangible things evidencing the Defendants' "net worth" for the years 2014 through the time of trial, including, but not limited to, income tax returns, financial statements, loan applications, bank statements, information on certificates of deposit and retirement accounts, and other such similar documents and tangible things.

RESPONSE:

Defendant objects to this Request because it seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses nor reasonably calculated to lead to the discovery of admissible evidence.

22.    Any documents setting those persons laid off or terminated in 2013, 2014, 2015 and/or 2012, including position and/or rate of pay.

RESPONSE:

Defendant objects to this Request because it seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses nor reasonably calculated to lead to the discovery of admissible evidence.

23.    Any documents setting those persons hired in 2012, 2014, 2015 and/or 2015, including position and/or rate of pay.

RESPONSE:

Defendant objects to this Request because it seeks the disclosure of information which is neither relevant to Plaintiff's claims or Defendant's defenses nor reasonably calculated to lead to the discovery of admissible evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO VILLAREAL | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-00155-FB |
| | § | |
| SAN ANTONIO EXTENDED MEDICAL | § | |
| CARE, INC. d/b/a MED MART | § | |

### ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY

On this the     day of          , 2015, came on to be considered the Plaintiff's Motion to Compel regarding Defendant's responses to Plaintiff's First Request for Production. After consideration of the motion and the ersponses to the First Request for Production, the Court finds that the objections to the responses to RFP numbers 4, 5, 6, 8, 9, 13, 15, 16, 18, 19, 21, 22 and 23 are overruled and Defendant is ordered to provide responsive all responsive documents within ten days of the date of this order.   Defendant is further ordered to pay Plaintiff attorneys' fees of $2500.00 within thirty days of the date of this order.

SIGNED ON THIS THE     DAY OF          , 2015.

_____

UNITED STATES DISTRICT JUDGE